**Opinion issued February 14, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00594-CR

———————————

**RICHARD ALAN DELOACH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1057524**

---

### MEMORANDUM OPINION

Appellant, Richard Alan DeLoach, filed a motion for post-conviction DNA testing in the trial court. *See* TEX. CODE CRIM. PROC. ANN. ch. 64 (West 2006 & Supp. 2012). The trial court denied the motion, finding that no biological evidence

existed for testing. The trial court certified that appellant had the right of appeal. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In three enumerated "arguable grounds," DeLoach asserts in his pro se response that the record reflects that a DNA specimen was collected from him. Based on that fact alone, he contends that the State wrongly suggested that it possessed no relevant DNA evidence, *see* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1) (West Supp. 2012), the trial court erred in so finding, and his appointed counsel must not have reviewed the entire record.

The fundamental flaw in DeLoach's logic stems from the circumstances under which his DNA specimen was collected. The record reflects that this occurred pursuant to the statutory directive of Government Code section 411.1471, which requires that an indicted defendant in his circumstances "provide to a law enforcement agency one or more specimens for the purpose of creating a DNA record." *See* TEX. GOV'T CODE ANN. § 411.1471(b) (West 2012). The context of this statutory requirement is to provide data for the State's computerized DNA database, *see id*. § 411.142, the principal purpose of which is "to assist a federal, state, or local criminal justice agency in the investigation or prosecution of sex-related offenses or other offenses in which biological evidence is recovered," *id*. § 411.143(a). Thus, DeLoach is correct that the record reflects that he provided a DNA specimen to the Harris County Sheriff's Office. Nevertheless, he still has made no showing that there was any other biological evidence collected in connection with the allegations against him, which would be necessary to establish by a preponderance of the evidence that DNA testing could result in his exoneration. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2). Our independent review of the entire record has revealed no indication of any such evidence.

The record does not reflect that the Harris County Sherriff's Office retained DeLoach's DNA specimen, nor does it reflect what was done with the specimen

after it was collected. *See* TEX. GOV'T CODE ANN. § 411.146(d) (requiring a "criminal justice agency that collects a DNA sample under this section" to "send the sample" to: (1) the public safety director at the crime laboratory of the Department of Public Safety of the State of Texas; or (2) "another location as required by the director by rule"). In any case, the record of the collection of DeLoach's DNA specimen is not inconsistent with the State's later representations and the trial court's consistent findings that no testable DNA evidence existed. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1). Moreover, even to the extent DNA evidence collected pursuant to Government Code section 411.1471 may exist, such evidence could not lead to DeLoach's exoneration, *see* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2), absent some additional DNA evidence related to the charged offenses so that the two specimens could be compared.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist);

*Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney J. Sidney Crowley must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).